IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IBERIABANK,<br>    Plaintiff<br><br>v.<br><br>Previty Surgical PLLC; Previty Surgical, East, PLLC; Previty Surgical Assistants, PLLC; Garrett K. Peel, M.D.; and Mandie Peel<br>    Defendants | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. _____ |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff IBERIABANK ("Iberia") files this Original Complaint against Defendants Previty Surgical PLLC, Previty Surgical East, LLC, Previty Surgical Assistants, PLLC, Garrett K. Peel, M.D., and Mandie Peel (collectively, "Defendants"). Iberia respectfully shows:

### I. STATEMENT OF THE CASE

1.   Defendants failed to pay their respective debts to Iberia as either borrowers pursuant to their promissory notes or as guarantors pursuant to their guaranty agreements. Now, after demand, Iberia brings this action seeking a judgment against Defendants for the sums due under their respective agreements with Iberia.

### II. PARTIES

2.   Plaintiff IBERIABANK is a Louisiana state-chartered bank that maintains its principal place of business in Lafayette, Louisiana.

3.   Defendant Previty Surgical PLLC is a Texas limited liability company with its principal place of business located at 740 Hospital Dr., Suite 280, Beaumont, Texas 77701. According to the records of the Texas Secretary of State, the sole member is Garrett K. Peel,

M.D., who is a resident of Texas; accordingly, Previty Surgical PLLC is a Texas citizen for the purposes of 28 U.S.C. § 1332.  Previty Surgical PLLC may be served with process through its registered agent, Garrett K. Peel, M.D., at its registered address of 740 Hospital Dr., Suite 280, Beaumont, Texas 77701 or wherever else he may be found.

4. Defendant Previty Surgical East, PLLC is a Texas limited liability company with its principal place of business located at 740 Hospital Dr., Suite 280, Beaumont, Texas 77701.  According to the records of the Texas Secretary of State, the sole member is Garrett K. Peel, M.D., who is a resident of Texas; accordingly, Previty Surgical East, PLLC is a Texas citizen for the purposes of 28 U.S.C. § 1332.  Previty Surgical East, PLLC may be served with process through its registered agent, Garrett K. Peel, M.D., at its registered address of 740 Hospital Dr., Suite 280, Beaumont, Texas 77701 or wherever else he may be found.

5. Defendant Previty Surgical Assistants, PLLC is a Texas limited liability company with its principal place of business located at 740 Hospital Dr., Suite 280, Beaumont, Texas 77701.  According to the records of the Texas Secretary of State, the sole member is Garrett K. Peel, M.D., who is a resident of Texas; accordingly, Previty Surgical Assistants, PLLC is a Texas citizen for the purposes of 28 U.S.C. § 1332.  Previty Surgical Assistants, PLLC may be served with process through its registered agent, Garrett K. Peel, M.D., at its registered address of 740 Hospital Dr., Suite 280, Beaumont, Texas 77701 or wherever else he may be found.

6. Defendant Garrett K. Peel, M.D., is an individual adult resident of the State of Texas and may be served with process at 124 E. Caldwood Beaumont, Texas 77706 or wherever else he may be found.

7. Defendant Mandie Peel, is an individual adult resident of the State of Texas and may be served with process at 124 E. Caldwood Beaumont, Texas 77706 or wherever else she may be found.

### III. JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332 because Iberia and all Defendants are citizens of different states, and Iberia's claims against Defendants exceed $75,000.00, exclusive of interest and costs.

9. Venue of this case is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district. Specifically, the promissory notes require payment at the lender's offices in Houston, Texas, and the Defendants made certain payments to Iberia in Houston, Texas.

10. The parties' agreements contain jury waivers.

### IV. FACTUAL BACKGROUND

A.  **Previty Surgical Note I: January 31, 2013, Promissory Note of $2,300,000.00 and Previty Surgical Note II: January 31, 2013, Promissory Note of $650,000.00.**

11. Borrower Previty Surgical PLLC executed and delivered to Iberia promissory notes dated January 31, 2013 (the "Previty Surgical Note I" and "Previty Surgical Note II", collectively "Previty Surgical Notes"). The Previty Surgical Note I was in the principal amount of $1,375,000.00 and Previty Surgical Note II was in the principal amount of $650,000.00. The Previty Surgical Note I was renewed and extended on March 14, 2014, with an increased principal amount of $2,300,000.00. The Previty Surgical Note II was renewed on March 20, 2014. A true and correct copy of the Previty Surgical Note I is attached hereto as <u>Exhibit A</u> and the Previty Surgical Note II is attached hereto as <u>Exhibit B</u>.

12. Under the terms of the Previty Surgical Note I, accrued and unpaid interest only payments as existing on the respective payment due date were due and payable in monthly installments for 12 months of $17,445.32, due on the 28th day of each month beginning on February 28, 2013. Principal and interest payments were due and payable in monthly installments for 47 months of $28,396.76 each due on the 28th day of each month beginning on February 28, 2014. Pursuant to the Previty Surgical Note I renewal and extension on March 14, 2014, Previty Surgical PLLC would pay the indebtedness of this loan in one payment of all outstanding principal plus all accrued unpaid interest on March 14, 2018. Thus, on March 14, 2018, when the Previty Surgical Note I would have matured, the final payment of all unpaid principal and all accrued and unpaid interest would have been due and payable in full.

13. Under the terms of the Previty Surgical Note II, Previty Surgical would pay this loan in one payment of all outstanding principal plus all accrued unpaid interest on March 19, 2015. Previty Surgical would also pay regular monthly payments of all accrued unpaid interest due as of each payment date, beginning April 20, 2014, with all subsequent interest payments to be due on the 20th day of each month after that. On March 19, 2015, when the Previty Surgical Note II would have matured, the final payment of all unpaid principal and all accrued and unpaid interest would have been due and payable in full.

14. Pursuant to their respective guaranty agreements Guarantors Previty Surgical East, PLLC, Previty Surgical Assistants, PLLC, Garrett Peel, M.D., and Mandie Peel, ("collectively Previty Surgical Note I Guarantors") each absolutely, unconditionally, and irrevocably guaranteed payment for all indebtedness arising now and in the future under the Previty Surgical Note I, including any and all interest and attorneys' fees, (collectively, the

"Previty Surgical Note I Guaranties").[1] The Previty Surgical Note I Guarantors also guaranteed full, complete and timely performance and observance of, and compliance with all of the terms, covenants, and conditions of the Previty Surgical Note I, and associated loan documents. True and correct copies of the Previty Surgical Note I Guaranties are attached hereto as <u>Exhibit C.</u>

15. Pursuant to their respective guaranty agreements, Guarantors Previty Surgical Assistants, PLLC, Garrett K. Peel, M.D., and Mandie Peel, ("collectively Previty Surgical Note II Guarantors") each absolutely, unconditionally, and irrevocably guaranteed payment for all indebtedness arising now and in the future under the Previty Surgical Note II, including any and all interest and attorneys' fees, (the "Previty Surgical Note II Guaranties").[2] The Previty Surgical Note II Guarantors also guaranteed full, complete and timely performance and observance of, and compliance with all of the terms, covenants, and conditions of the Previty Surgical Note II, and associated loan documents. True and correct copies of the Previty Surgical Note II Guaranties are attached hereto as <u>Exhibit D.</u>

16. Iberia is the owner and holder of the Previty Surgical Note I, the Previty Surgical Note II, the Previty Surgical Note I Guaranties, the Previty Surgical Note II Guaranties, and associated loan documents.

17. Previty Surgical PLLC defaulted under the Previty Surgical Notes because it failed to pay the required monthly payment when due. *See* Exhibit A Previty Surgical Note I at p. 1 ("Default") and Previty Surgical Note II at p.1 ("Default").

18. This event constitutes events of default under the Previty Surgical Notes and its associated loan documents. Iberia informed Defendants that they were in default under the

---

[1] Garrett K. Peel, M.D. executed his guaranty agreement in connection with Previty Surgical Note I on January 31, 2013; Previty Surgical East, PLLC, Maddie Peel, and Previty Assistants PLLC executed their respective guaranty agreements in connection with Previty Surgical Note I on March 14, 2014.
[2] Previty Surgical East, PLLC, Mandie Peel, and Garrett K. Peel, M.D., executed their respective guaranty agreements in connection with Previty Surgical Note II on March 20, 2014.

Previty Surgical Notes due to the above-outlined failures, it demanded payment, and it requested that Defendants cure the default by January 6, 2017 (the "Previty Demand Letter"). A true and correct copy of the Previty Demand Letter is attached hereto as <u>Exhibit E</u>. Defendants failed to cure the default by January 6, 2017 or by the time of this filing.

19. The total principal amount of Previty Surgical Note I plus interest accrued though December 15, 2016 is $2,180,048.05, and interest continues to accrue. The total principal amount of Previty Surgical Note II plus interest accrued though December 15, 2016, is $759,654.27 and interest continues to accrue. As of the date of filing of this complaint, the Previty Surgical Notes remain unpaid.

**B.** **<u>The Previty Surgical East, PLLC Note: March 20, 2014, Promissory Note of $250,000.00.</u>**

20. Borrower Previty Surgical East, PLLC executed and delivered to Iberia a promissory note dated March 20, 2014 (the "Previty East Note"). The Previty East Note was in the principal amount of $250,000.00. A true and correct copy of the Previty East Note is attached hereto as <u>Exhibit F</u>.

21. Under the terms of the Previty East Note, Previty Surgical East, PLLC ("Previty East") would pay this loan in one payment of all outstanding principal plus all accrued unpaid interest on March 19, 2015. Previty East would also pay regular monthly payments of all accrued unpaid interest due as of each payment date, beginning April 20, 2014, with all subsequent interest payments to be due on the 20th day of each month after that. On March 19, 2015 when the Previty Note would have matured, the final payment of all unpaid principal and all accrued and unpaid interest would have been due and payable in full.

22. Pursuant to the respective guaranty agreements that Guarantors Garrett K. Peel, M.D., Previty Surgical PLLC, and Previty Surgical Assistants, PLLC (collectively, "Previty East

Guarantors") each executed on March 20, 2014, Previty East Guarantors unconditionally and absolutely guaranteed full and punctual payment and satisfaction of all indebtedness arising now and in the future under the Previty East Note, including any and all interest and attorneys' fees owed to Iberia under Previty East Note (collectively, the "Previty East Note Guaranties"). Previty East Note Guarantors additionally guaranteed full, complete and timely performance and observance of, and compliance with all of the terms, covenants, and conditions of the Previty East Note and associated loan documents. Under the Previty East Note Guaranties, Previty East Note Guarantors' respective liability is unlimited and their obligations are continuing. True and correct copies of the Previty East Note Guaranties are attached hereto as <u>Exhibit G</u>.

23. Iberia is the owner and holder of Previty East Note, the Previty East Note Guaranties, and associated loan documents.

24. Previty Surgical East, PLLC defaulted under Previty East Note because it failed to pay the required monthly payment when due. *See* Exhibit E Previty East Note I at p. 1.

25. This event constitutes events of default under the Previty East Note and its associated loan documents. By letter dated December 22, 2016, Iberia informed Previty East and the Previty East Guarantors that they were in default under the Previty East Note due to the above-outlined failures, and Iberia requested that Previty East and the Previty East Guarantors cure the default by January 6, 2017. *See* <u>Exhibit E.</u> Defendants failed to cure the default.

26. The total principal amount of Previty East Note I plus interest accrued though December 15, 2016, is $289,975.26. As of the date of filing of this complaint, the Previty East Note remains unpaid.

**C.    Garrett K. Peel, M.D., Note: August 9, 2012, Promissory Note of $360,000.00.**

27.    Borrower Garrett K. Peel, M.D. executed and delivered to Iberia a promissory note dated August 9, 2012 (the "Peel Note").  The Peel Note was in the principal amount of $360,000.00.  A true and correct copy of the Peel Note is attached hereto as Exhibit H.

28.    Under the terms of the Peel Note, accrued and unpaid interest only payments as existing on the respective payment due date were due and payable in monthly installments for 12 months, due on the 13th day of each month beginning on November 13, 2014, and continuing until and including October 13, 2015.  Principal and interest payments were due and payable in monthly installments of $6,797.29 each due on the 9th day of each month beginning on September 9, 2013, and continuing until and including August 9, 2018.  On August 9, 2018 when the Peel Note would have matured, the final installment payment of all unpaid principal and all accrued and unpaid interest would have been due and payable in full.

29.    Pursuant to the respective commercial security agreement that Grantor Garrett K. Peel, M.D. (the "Peel Note Grantor") executed on August 9, 2012, Garrett L. Peel, M.D. placed as collateral to Iberia all of his ownership interest and income distributions in Victory Medical Center Beaumont, LP ("VMCB") as security for payment and performance of certain liabilities, obligations and indebtedness under the Peel Note, (collectively, the "Peel Note Security Agreement").  True and correct copies of the Peel Note Security Agreement are attached hereto as Exhibit I.

30.    Iberia is the owner and holder of Peel Note, the Peel Note Security Agreement, and associated loan documents.

31.    Garrett K. Peel, M.D. defaulted under Peel Note because he failed to pay the required monthly payment when due.  *See* Exhibit H Peel Note p. 1.

32.     This event constitutes events of default under the Peel Note and its associated loan documents. By letter dated December 22, 2016, Iberia informed Garrett K. Peel, M.D. that he was in default under the Peel Note due to the above-outlined failures, and Iberia requested that Garrett K. Peel, M.D. cure the default by January 6, 2017. *See* <u>Exhibit E.</u> Defendant has failed to cure the default.

33.     The total principal amount of the Peel Note plus interest accrued though December 15, 2016 is $187,500.44. As of the date of filing of this complaint, the Peel Note remains unpaid.

**D.      <u>Defendants' Default Under the Notes and Guaranty Agreements.</u>**

34.     The Defendants are in default of their obligations to Iberia.

35.     As set forth in the Previty Demand Letter, Iberia advised Defendants they were in default due to failure to pay a required monthly payment on multiple notes.

36.     Iberia gave Defendants until January 6, 2017, to cure the defaults. Iberia informed Defendants that if the defaults were not cured by the deadline, Iberia would proceed with filing a lawsuit to collect the amount owed.

### V.   CAUSES OF ACTION

**<u>Count 1: Breach of Contract (Previty Surgical Notes Guaranty Agreements; Previty East Note Guaranty Agreements; Previty Surgical Notes; Previty East Note; and Peel Note)</u>**

**A.      <u>Breach of the Previty Surgical Notes and Previty East Note Guaranty Agreements.</u>**

37.     The Previty Surgical Note I Guaranty Agreements, the Previty Surgical Note II Guaranty Agreements, and the Previty East Note Guaranty Agreements are valid and enforceable contracts.

38. Iberia notified all of the guarantors under those guaranty agreements that the borrowers were in default of its obligations under the Previty Surgical Note I, the Previty Surgical Note II, and the Previty East Note.

39. Despite demand, the guarantors have failed and refused to pay Iberia the amounts due and owing to Iberia under the Previty Surgical Note I, the Previty Surgical Note II, and the Previty East Note. This failure to pay the full amount due as required by the Previty Surgical Note I, the Previty Surgical Note II, and the Previty East Note constitutes a material breach of contract.

40. Iberia has performed all conditions precedent to the enforcement of the Previty Surgical Note I, the Previty Surgical Note II, and the Previty East Note guaranties or they have been waived.

41. The guarantors' breaches have caused Iberia damages in an amount that exceed the jurisdictional threshold of this Court.

B.  **Breach of the Previty Surgical Notes; Previty East Note; and Peel Note.**

42. The Previty Surgical Note I, the Previty Surgical Note II, the Previty East Note, and the Peel Note are valid and enforceable contracts.

43. Iberia notified the borrowers under those notes that they were in default of their obligations under those notes.

44. Despite demand, borrowers under the Previty Surgical Notes, Previty East Note, and Peel Note have failed and refused to pay Iberia the amounts due and owing to Iberia under each respective note as required. The borrowers' failure to pay the full amount due as required constitutes a material breach of contract.

45. Iberia has performed all conditions precedent to the enforcement of the Previty Surgical Notes, Previty East Note, and Peel Note or they have been waived.

46. The borrowers' breaches have caused Iberia damages in an amount that exceed the jurisdictional threshold of this Court.

**Count 2: Attorneys' Fees, Interest, and Costs**

47. Pursuant to the terms of the Guaranty Agreements and pursuant to TEXAS CIVIL PRACTICE AND REMEDIES CODE § 38.001, Iberia is entitled to recover its reasonable attorneys' fees incurred in prosecuting this action. Iberia is also entitled to recover interest and costs of suit. Iberia has satisfied all conditions precedent for the recovery of attorneys' fees from Defendants.

## VI. RESERVATION OF RIGHTS

48. Iberia expressly reserves all rights and remedies against Defendants and all other parties in connection with the Notes and the Guaranty Agreements, and all related obligations. The filing of this action is not intended to be a waiver of any rights or remedies or an election of remedies.

## VII. PRAYER

IBERIABANK respectfully prays that it have judgment against Defendants Previty Surgical PLLC; Previty Surgical East, PLLC; Previty Surgical Assistants, PLLC; Garrett K. Peel, M.D., and Mandie Peel that they be cited to appear and answer herein, and that upon final hearing, that IBERIABANK be awarded judgment against Defendants, jointly and severally, for the sums requested herein, plus pre- and post-judgment interest as allowed by law, plus reasonable and necessary attorneys' fees incurred by Iberia in pursuing its claim, as well as costs of court, and for such other and further relief, both general and special, in law and in equity, to which Iberia may be justly entitled.

                                      Respectfully submitted,

                           By: ***/s/ Richard A. Howell***
                                    Richard A. Howell
                                    Texas Bar No. 24056674
                                    S.D. ID # 959050
                                    Email: rahowell@jw.com
                                    Attorney in Charge
                                    William McDonald
                                    Texas Bar No. 24071360
                                    S.D. ID# 2589983
                                    Email: wmcdonald@jw.com
                                    Jackson Walker, L.L.P
                                    1401 McKinney Street, Suite 1900
                                    Houston, Texas 77010
                                    Telephone: (713) 752-4531
                                    Fax: (713) 752-4221

Of Counsel:
Bruce J. Ruzinsky
Texas Bar No. 17469425
S.D. ID #5037
Email: bruzinsky@jw.com
Jackson Walker, L.L.P
1401 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone: (713) 752-4531
Fax: (713) 752-4221

                                    **ATTORNEYS FOR IBERIABANK**