IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IBERIABANK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:17-cv-00160 |
| | § | |
| Previty Surgical PLLC; Previty | § | |
| Surgical, East, PLLC; Previty Surgical | § | |
| Assistants, PLLC; Garrett K. Peel, | § | |
| M.D.; and Mandie Peel, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

This is a suit to collect amounts due on four promissory notes, three related guaranty agreements, and one collateral agreement. IBERIABANK, the lender, sued the borrowers and guarantors. After the deadlines to complete discovery and file dispositive pretrial motions passed, IBERIABANK moved for partial summary judgment on its claims to recover the unpaid principal and interest, leaving for later its claims for attorney's fees. The defendants responded by requesting a continuance to take additional discovery (despite the fact that the discovery period had ended) and by filing a separate motion to compel arbitration (despite the fact that the dispositive motions deadline had passed).

Based on the pleadings, the motion and responses, the briefs, the record, and the applicable law, the court denies the request for a continuance to allow additional discovery before ruling on the summary judgment motion; denies the motion to compel arbitration; and grants the motion for partial summary judgment. IBERIABANK may file a motion seeking its fees, with appropriate support,

no later than August 25, 2017. The reasons are set out in detail below.

## I. Background

IBERIABANK's summary judgment evidence included the promissory notes, the guarantees, and the collateral agreement at issue. The evidence also included the letter IBERIABANK sent to Previty Surgical, Previty East, and Dr. Peel notifying them that the notes were in default. Brian Hamilton, Vice President of Special Assets at IBERIABANK, provided a declaration of the validity of the promissory note, guarantee, and collateral documents; IBERIABANK's status as owner and holder of these documents; identity of the guarantors; failure of the defendants to make payment; and identification of current balances owed as of June 16, 2017.

The evidence of the loan documents and their terms is undisputed. On January 31, 2013, IBERIABANK loaned $1,375,000 to Previty Surgical and issued a promissory note referred to in this case as "Previty Surgical Note I." In 2014, the principal amount of the Previty Surgical Note I was increased to $2,300,000. The Note called for monthly payments of $17,445.32 from February 28, 2013 to February 28, 2014, and after that for monthly payments of $28,386.76 from March 28, 2014 to January 28, 2018. The Note defined default to include that the "Borrower fails to make any payment when due under this Note." Default allows IBERIABANK to declare the entire balance due immediately.[1] The Previty Surgical Note I was guaranteed by Dr. Peel, Mandie Peel, Previty Assistants, and Previty East. (Docket Entry No. 24-2).

---

[1] "Upon default, Lender may declare the entire Indebtedness, including the unpaid principal balance under this Note, all accrued unpaid interest, and all other amounts, costs and expenses for which Borrower is responsible under this Note or any other agreement with Lender pertaining to this loan, immediately due, without notice, and then Borrower will pay that amount." The borrower is also responsible for "reasonable attorneys' fees" and court costs associated with the lender's enforcement and collection efforts. (Docket Entry No. 24-2 at 2).

IBERIABANK loaned another $650,000 to Previty Surgical on January 31, 2013 and issued another promissory note, referred to as "Previty Surgical Note II." This Note was renewed, in the same amount, on March 20, 2014. The Note required Previty Surgical to make monthly interest payments beginning on April 20, 2014. The Note matured on March 19, 2015, making the outstanding principal and accrued unpaid interest due. (Docket Entry No. 24-4). The Previty Surgical Note II was guaranteed by Previty East, Dr. Peel, and Mandie Peel. (Docket Entry No. 24-5).

On March 20, 2014, IBERIABANK loaned Previty East $250,000 and issued what is referred to as the "Previty East Note." The Note required Previty East to make monthly interest payments beginning on April 20, 2014. The Previty East Note matured on March 15, 2015, and the outstanding principal and interest became due. (Docket Entry 24-6). The Previty East Note was guaranteed by Previty Surgical, Dr. Peel, and Previty Assistants. (Docket Entry No. 24-7).

On August 9, 2012, IBERIABANK loaned Garrett Peel $360,000 and issued the "Peel Note." The Note called for monthly interest-only payments from September 8, 2012 to September 9, 2013, and monthly principal and interest payments of $6,797.29 from September 9, 2013 through August 9, 2018, when the Note was to mature. The default provisions in the Peel Note mirrored those in the Previty Surgical Note I. If the borrower failed to make any payment when due, the Note was in default, and IBERIABANK could declare the entire unpaid amount due at that time. (Docket Entry No. 24-8). A collateral agreement secured the Peel Note with "all interest and income distributions" that Dr. Peel received from a limited partnership interest he held in the Victory Medical Center Beaumont, LP. (Docket Entry No. 24-9).

The guaranty agreements signed for the Previty Surgical Note I, Previty Surgical Note II, and

Previty East Note are all in the same form. The guaranty agreements provide that the "Guarantor absolutely and unconditionally guarantees full and punctual payment and satisfaction of Indebtedness of Borrower to Lender, and the performance and discharge of all Borrower's obligations under the Note and the Related Documents," state that the "Lender can enforce the Guaranty against Guarantor even when Lender has not exhausted Lender's remedies against anyone else obligated to pay the Indebtedness." (Docket Entry No. 23-4 at 2). The collateral agreement for the Peel Note states that if "Grantor fails to make any payment when due under the Indebtedness," the "Lender may declare the entire Indebtedness immediately due and payable, without notice of any kind to Grantor," and the lender "may collect the payments, rents, income and revenues from the Collateral." (Docket Entry 24-9 at 5).

On December 22, 2016, IBERIABANK sent a letter to the borrowers, Previty Surgical, Previty East, and Dr. Peel, notifying them that the Previty Surgical Note I, Previty Surgical Note II, Previty East Note, and the Peel Note were all in default for the "failure to pay a required monthly payment when due." The default meant that "all amounts owed under the Promissory Notes are now due and payable in full." IBERIABANK notified the borrowers that they would also be responsible for "legal fees and related expenses." IBERIABANK demanded payment of the outstanding principal, interest, and legal fees by January 6, 2017. (Docket Entry No. 24-10). The amounts due at this time were:

| Note | Amount Owed |
|---|---|
| Previty Surgical Note I | $2,180,048.05 |
| Previty Surgical Note II | $759,654.27 |
| Previty East Note | $289,975.26 |
| Peel Note | $187,500.44 |

(Docket Entry 24-10 at 3). Previty Surgical, Previty East, and Dr. Peel failed to respond, leading to this suit. (Docket 24-1 at ¶ 12).

In support of its motion for partial summary judgment, IBERIABANK submitted a declaration from Brian Hamilton, Vice President, Special Assets for the bank, assigned to collect distressed assets, including the Notes and guarantee agreements at issue. The declaration set out the following summary of the unpaid principal and interest amounts on each of the four Notes as of June 16, 2017:

| Note | Amount Owed |
|---|---|
| Previty Surgical Note I | $2,358,948.55 |
| Previty Surgical Note II | $813,015.62 |
| Previty East Note | $316,480.11 |
| Peel Note | $193,943.23 |
| **Total** | **$3,682,387.51** |

(Docket Entry 24-1 at ¶ 12).

IBERIABANK requested the following relief in its motion for partial summary judgment:

a) $2,358,948.55 from Previty Surgical on the Previty Surgical Note I and by the guarantors, Previty Assistants, Dr. Peel, and Mandie Peel, jointly and severally;

b) $813,015.62 from Previty Surgical on Previty Surgical Note II and by the

guarantors, Previty East, Dr. Peel, and Mandie Peel, jointly and severally;

   c) $316,480.11 from Previty East on the Previty East Note and by the guarantors, Dr. Peel, Previty Surgical, and Previty Assistants; and

   d) $193,943.23 from Dr. Peel on the Peel Note. (Docket Entry No. 24 at 10–11).

The defendants filed two briefs in response to the motion for partial summary judgment. First, the defendants filed a motion to compel arbitration, based on arbitration clauses contained in three of the four promissory notes and the argument that all the claims are related to the same loan transactions. The defendants asked the court for an order compelling arbitration as to all claims or, alternatively, on the claims related to the three promissory notes with a stay of the remaining claims until the arbitration was completed. (Docket Entry No. 28).

Second, they filed a cursory three-page response to the motion for partial summary judgment. The response did not substantially engage with the plaintiff's motion. The only summary judgment evidence that the defendants submitted is an affidavit by Garrett Peel. (Docket Entry No. 29-1). The Peel affidavit states in general terms that Peel and Previty made payments on the Notes and that the "totals stated by" IBERIABANK "in the motion do not appear to give credit for the payments made." *Id.* But Peel contradicts himself by stating that he "cannot determine from" IBERIABANK's motion "whether any credits or offsets for payments have been applied to the balances," and that he could not "tell how the amounts were calculated . . . ." (*Id.*). The Peel affidavit does not even suggest a reason for a concern that the total debt does not give credit for payments made.

The defendants also sought a two-week continuance to respond to the motion for partial summary judgment, in order to take a deposition of Brian Hamilton, the IBERIABANK officer whose declaration proved up the relevant documents and account balances. The defendants argue

that this deposition would allow them to learn how IBERIABANK calculated the amounts owed. The defendants also argue that the summary judgment evidence IBERIABANK presented was insufficient to establish its right to recover the unpaid principal and interest amounts it sought as actual damages. (Docket Entry No. 29).

The motion for partial summary judgment and the defendants' motion for a continuance and to compel arbitration are analyzed based on the record evidence and the applicable legal standards.

## II. The Legal Standard for Summary Judgment

"Summary judgment is required when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Trent v. Wade*, 776 F.3d 368, 376 (5th Cir. 2015) (quoting FED. R. CIV. P. 56(a)). "A genuine dispute of material fact exists when the 'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Nola Spice Designs, LLC v. Haydel Enters., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "The moving party 'bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact.'" *Id.* (quoting *EEOC v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2014)); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"Where the non-movant bears the burden of proof at trial, the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Id.* (quotation marks omitted); *see also Celotex*, 477 U.S. at 325. Although the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it does not need

to negate the elements of the nonmovant's case. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 326 (5th Cir. 2009) (quotation omitted). "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response." *United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)).

"Once the moving party [meets its initial burden], the non-moving party must 'go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial.'" *Nola Spice*, 783 F.3d at 536 (quoting *EEOC*, 773 F.3d at 694). The nonmovant must identify specific evidence in the record and articulate how that evidence supports that partys claim. *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007). "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Boudreaux*, 402 F.3d at 540 (quoting *Little*, 37 F.3d at 1075). In deciding a summary-judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008); *see also Nola Spice*, 783 F.3d at 536.

## III. The Motion to Compel Arbitration

The defendants ask this court to consider a motion to compel arbitration filed on July 7, 2017. (Docket Entry No. 28). The motion to compel arbitration was filed six months after IBERIABANK sent the defendants notices of default, and five months after IBERIABANK filed this suit. The

motion was filed three weeks after the dispositive motion deadline of June 16, 2017, and after IBERIABANK filed its motion for partial summary judgment.

The defendants have failed to explain why they did not move to compel earlier. The motion to compel was untimely under the court's scheduling order. "While there is a presumption in favor of arbitration, this presumption does not override the parties' obligation to comply with the scheduling orders of this court." *Hernandez v. Cont'l Am. Corp.*, 2017 WL 2599120 at *4, n.2 (N.D.Tex. 2017). *See* FED. R. CIV. P. 16(b)(4) (the court's scheduling order "may be modified only for good cause and with the judge's consent."). The motion to compel was also filed late in relation to when the notice of default was sent and when the enforcement and collection action was filed. Compelling arbitration at this stage would cause undue delay and would unfairly prejudice IBERIABANK, who has complied with the scheduling order.

Moreover, the defendants have failed to show that they are entitled to the relief they seek. Two of the four notes, the Previty Surgical Note I and the Peel Note, do not have arbitration clauses. The original version of the Previty Surgical Note I did have an arbitration provision, but that Note was amended in March 2014 to both increase the principal amount by approximately one million dollars and to remove the arbitration clause. (Docket Entry No. 24-2). None of the guarantee agreements have arbitration clauses. The only Notes that could be subject to arbitration are the Previty Surgical Note II and the Previty East Note. The defendants' delay in invoking arbitration as to the amounts owing under these Notes, violating the scheduling order, provides an ample basis to deny the motion to compel.

The motion to compel arbitration is denied as untimely.

**III.    The Defendants' Request for a Continuance to Conduct Additional Discovery Before**

**Responding to the Motion for Partial Summary Judgment**

The defendants asked for a two-week continuance to depose Brian Hamilton, the IBERIABANK employee who provided a declaration in support of the motion for partial summary judgment. In his declaration, he states that as part of his responsibility to collect distressed assets, he was assigned to collect the Notes and guarantee agreements at issue here, and that he made the statements in the declaration based on his personal knowledge. He recounted the principal amounts and interest due on the Notes and guarantees.

The defendants argue that they need to depose Mr. Hamilton to learn how he calculated the amounts due. (Docket Entry No. 29 at 2). There are two problems with the request. First, it does not explain why the defendants did not seek this discovery from IBERIABANK during the discovery period if they believed the amounts IBERIABANK identified were incorrectly calculated. The deadline for completing discovery was June 2, 2017, over a month before the defendants sought to depose anyone from IBERIABANK. The defendants knew the amounts IBERIABANK identified as due under the Notes and guarantee agreements as early as December 2016, when IBERIABANK sent the demand letters notifying the defendants of the amounts owed, or January 18, 2017, when IBERIABANK filed its complaint and set out the amounts due. Courts routinely deny motions seeking continuances to conduct discovery that could have been done under the court's scheduling order, but was not. *See Williams v. Allstate Fire & Cas. Ins. Co.*, 2012 WL 1098424, at *7 n.5 (S.D. Tex. Mar. 30, 2012); *Harris v. Fresenius Med. Care*, 2006 WL 2065313, at *14 n.6 (S.D. Tex. July 24, 2006); *Curtis v. State Farm Lloyds*, 2004 WL 1621700, at *8 (S.D. Tex. Apr. 29, 2004).

Second, the defendants have not met the Rule 56(d) requirements to obtain the continuance they seek. Under Rule 56(d), the "movant 'must set forth a plausible basis for believing that

specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion.'" *Kay v. Novartis Pharmaceutical Corp.*, 751 F.3d 694, 700 (5th Cir. 2014) (quoting *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010)). "If the requesting party 'has not diligently pursued discovery . . . she is not entitled to relief.'" *Id.* (quoting *Beattie v. Madison Cnty. Sch. Dist.*, 254 F.3d 595, 606 (5th Cir. 2001)). The defendants did not diligently pursue discovery during the discovery period, and they are not entitled to relief now.

Moreover, there is no plausible indication that the defendants had, or have, a basis to believe that the debt amounts set out in the demand letters, in the complaint, or in the declaration are incorrect or genuinely disputed. The Peel affidavit is vague, conclusory, and internally contradictory, simultaneously stating that payments were not credited and that it is impossible to determine whether payments were properly credited. The defendants did not point to testimony or documents showing the amount of the payments that they made or that some payments were not credited in the total debt amounts. The Peel affidavit does not provide a plausible basis to believe that additional discovery would uncover facts material to deciding the existence or extent of the defendants' liability.

Finally, the defendants appear able to set out the payments that they made and their basis for challenging the amounts due, if a basis exists to do so. In short, the defendants do not show that they cannot respond to the summary judgment motion by their own declarations and documents. (Docket Entry No. 29 at 2).

The request for a continuance is denied.

IV. **The Motion for Partial Summary Judgment**

Texas law applies. To recover on the promissory notes under Texas law, IBERIABANK

must present competent proof that the notes exist, the borrower IBERIABANK is suing on the note signed it, IBERIABANK is the current owner and holder, and the borrower sued owes the unpaid principal balance and interest. See *SMS Fin., Ltd. Liability Co. v. ABCO Homes, Inc.*, 167 F.3d 235, 238 (5th Cir. 1999) (citing *Bean v. Bluebonnet Sav. Bank FSB*, 884 S.W.2d 520, 522 (Tex.App.—Dallas 1994, no writ)); *Whitney Bank v. Hancock*, 2013 WL 1404822, at *2 (S.D. Tex. 2013). To recover on the guarantees, IBERIABANK must show: "(1) the existence and ownership of the guaranty contract, (2) the terms of the underlying contract by the holder, (3) the occurrence of the conditions upon which liability is based, and (4) the failure or refusal to perform the promise by the guarantor." *Julka v. U.S. Bank Nat'l Ass'n*, 516 S.W.3d 84, 87 (Tex.App.—Houston [1st Dist.] 2017, no pet.) (quoting *Lee v. Martin Marietta Materials Sw., Ltd.*, 141 S.W.3d 719, 720 (Tex.App.—San Antonio 2004, no pet.).

IBERIABANK has submitted the guaranty agreements for the Previty Surgical Note I and II and the Previty East Note, and has submitted the collateral agreement for the Peel Note as part of the summary judgment record. (Docket Entry No. 24-3; 24-5; 24-7; 23-9). The Previty Surgical Note I is guaranteed by Dr. Peel, Previty East, Mandie Peel, and Previty Assistants. The Previty Surgical Note II is guaranteed by Previty East, Dr. Peel, and Mandie Peel. The Previty East Note is guaranteed by Previty Surgical, Dr. Peel, and Previty Assistants. The Peel Note is collateralized by the interest and income distributions of Dr. Peel through the Victory Medical Center Beaumont, LP. "Absent controverting evidence, affidavit testimony together with a true and correct copy of the note proves ownership for summary-judgment purposes." *Whitney Bank*, 2013 WL 1404822, at *2. *See Zarges v. Bevan*, 652 S.W.2d 368, 369 (Tex. 1983).

IBERIABANK has submitted competent evidence of each of the four Notes at issue. (Docket

Entry No. 24-2; 24-4; 24-6; 24-8). Dr. Peel signed the Previty Surgical Note I, Previty Surgical Note II, and the Previty East Note on the line for the borrower. He signed as the Manager of Previty Surgical and Previty East. He signed the Peel Note as an individual borrower. The Notes identify IBERIABANK as the borrower, and Brian Hamilton's declaration establishes that IBERIABANK is the current noteholder and legal owner. The letter told Previty Surgical, Previty East, and Dr. Peel that the Notes were in default, what amounts were needed to cure the default, and demanded payment by January 6, 2017. (Docket Entry No. 24-10). The declaration of Brian Hamilton is competent summary judgment evidence that the defendants did not comply. (Docket Entry No. 24-1 at ¶ 12). The declaration also sets out the amounts owing under the Notes and the guarantee agreements and the collateral agreement as of June 16, 2017. (*Id.*).

Texas law is clear that a declaration setting out the principal balances and interest due is sufficient summary judgment evidence when, as here, the Notes and guarantee agreements are identified and competently proven and the record evidence does not give rise to a factual dispute. *See RBC Real Estate Fin., Inc. v. Partners Land Dev., Ltd.*, 543 Fed. Appx. 477, 479 (5th Cir. 2013) ("'A lender need not file detailed proof reflecting the calculations reflecting the balance due on a note; an affidavit by a bank employee which sets forth the total balance due on a note is sufficient to sustain an award of summary judgment.'") (quoting *Hudspeth v. Investor Collection Servs. Ltd. P'ship*, 985 S.W.2d 477, 479 (Tex.App.—San Antonio 1998, no pet.).

In *RBC*, an affidavit very similar to the declaration that IBERIABANK submitted was sufficient to entitle the bank to summary judgment on the amounts it sought under the notes at issue. The *RBC* court rejected an argument very similar to the defendants' claim that summary judgment cannot be granted when there is no explanation for how the amounts due on the note were calculated.

*Id.* at 479–480.

The defendants have not submitted or identified any competent record evidence calling the accuracy of the amounts due into question. The Peel affidavit is not sufficient. As explained in previous sections of this opinion, the affidavit contains nothing more than the sort of "metaphysical doubt . . ., conclusory allegations," and "unsubstantiated assertions" that are insufficient to defeat a grant of summary judgment. *Boudreaux*, 402 F.3d at 540. The record contains competent, uncontroverted evidence of the Notes, guarantee agreements, collateral agreement, and the amounts due as of June 16, 2017. There is no genuine factual dispute material to establishing that IBERIABANK is entitled to partial summary judgment that the borrowers and guarantors on the four Notes at issue are jointly and severally liable for the amounts set out in the declaration as of June 16, 2017, plus any additional prejudgment interest. IBERIABANK may file a motion seeking its fees, with appropriate support, no later than August 25, 2017.

## IV. Conclusion

For the reasons stated, IBERIABANK's motion for partial summary judgment, (Docket Entry No. 24), is granted. The defendants' motions to compel arbitration and for a continuance, (Docket Entry No. 28 and Docket Entry No. 29), are denied. IBERIABANK may file a motion seeking its fees, with appropriate support, no later than August 25, 2017.

SIGNED on August 4, 2017, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge